## JONES *v.* GAMMON.

LUMPKIN, J. 1. An agreement between an owner of land and his tenant provided, among other things, that the landlord agreed that the tenant "may clear up ten acres of woodland on lot number 158, . . each year, and may have the wood cut off said ten acres and crop for next year, said party of the second part [the tenant] to cut and clear said woodland, beginning on the north side, contiguous to land recently cleared. . . Upon the full and complete performance by the party of the second part with this contract, he . . shall have the refusal of said farm at same price and privileges for the years 1904, 1905, and 1906." *Held*, that on the face of this paper, unaided by extraneous evidence, it did not confer any right upon the tenant to cut wood except on lot number 158.

2. When the evidence, in addition to the written contract, is considered, there was conflict in material particulars, and the presiding judge did not abuse his discretion in granting an injunction.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*

Argued April 22, — Decided May 13, 1905.

Injunction. Before Judge Henry. Floyd superior court. March 11, 1905.

Gammon filed his petition seeking to enjoin Jones from cutting timber on certain lots of land in Floyd county, alleging that the timber constituted their chief value, that the damage would be irreparable, and that the trespass was continuing in character and would involve a multiplicity of suits. The defendant claimed

the right to cut the timber under a certain contract of rent be-
tween himself and plaintiff, containing, among other things, the
following clauses:   "The party of the first part [Gammon] agrees,
and it is understood, that the party of the second part [Jones]
may clear up ten acres of woodland on lot No. 158-3 and 23-
[apparently meaning 3d section, 23d district] each year and may
have the wood cut off said ten acres and crop for next year,
said party of the second part to cut and clear said woodland, be-
ginning on the north side, contiguous to land recently cleared.
In consideration for wood so given, the party of the second part
agrees to deliver to the party of the first part, Gammon, twenty
(20) cords dry wood, at his residence in the town of East Rome.
All wood and timber necessary for fire-wood for party of the sec-
ond part and his hand or tenants, to be obtained from said ten
acres above mentioned. . .   This contract is to begin Jan. 1,
1903, but it is understood and agreed that upon the full and com-
plete performance by the party of the second part with this con-
tract, he, the said Jones, shall have the refusal of said farm at
same price and privileges for the years 1904, 1905, and 1906."
The plaintiff alleged, that the place where the defendant was cut-
ting wood when the injunction was applied for was not on land
lot No. 158, but on land lots Nos. 121, 122, 159, and 160.   The
defendant sought to show that the intention of the contract was
that the plaintiff was to give him "forty acres of wood" in four
years; that the figures, 1904, 1905, and 1906, and the words
"each year," were interlined in accordance with such intent; that
he was not to be confined to cutting on land lot 158; that there
were only about twelve or thirteen acres of woods on that land
lot; that after cutting this he informed plaintiff, and the latter
recognized his right to cut more wood, and told him to cut from
a little three or four acre tract on lot 122; that the defendant did
so; that they had a lawsuit, and afterwards the plaintiff refused
to tell him where to cut further.   The evidence was conflicting on
material points.   The plaintiff testified, that he did not authorize
the defendant to cut any timber on land lots numbers 122, 160,
and 159, but on the contrary, personally and by letter, notified
the defendant that he must not do so.   Another witness testified,
that there were thirty-five or forty acres of woodland on part of
land lot No. 158, when defendant moved on it in the winter of

1902 and 1903, and that the defendant had cut and moved all the wood from it. There was other conflicting evidence. The judge granted an injunction, and the defendant excepted.

*Seaborn & Barry Wright* and *F. W. Copeland,* for plaintiff in error. *M. B. Eubanks,* contra.